Filed
D.C. Superior Court
10/15/2015 09:14AM
Clerk of the Court

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

Vere O. Plummer, Esquire :  Civil Action No. 2015-CA-005016 B
1222 Fairmont Street, N.W. :  Calendar 8
Washington, D.C. 20009 :  Judge Ronna Lee Beck
  :  Next Event: Initial Conference:12//11/15@
  :  9:30a.m.

       *Plaintiff,* :

  *vs.* :

 District of Columbia, :
A Municipal Corporation :
One Judiciary Square :
441 4th Street, N.W. :
Washington, D.C. 20001 :

SERVE: Carl Racine, Esquire :
Attorney General for the District :
of Columbia :
441 4th Street, N. W., Suite :
Washington, D.C. 20001 :

     And :
Metropolitan Police Department of :
the District of Columbia :
Cathy L. Lanier, Chief of Police :
300 Indiana Ave, N.W. :
Washington, D.C. 20001 :

     And :
District of Columbia Fire :
Department :
D.C. Fire Chief Gregory M. Dean :
2000 14th Street, N.W. :
Washington, D.C. 20001 :

     And :
Sandro Lukanovic, Police Officer :

Third District, Metropolitan Police  :
Department                          :
1620 V Street, N.W. Washington,     :
D.C. 20009                          :
      And                          :
                                   :
Lieutenant John Kutniewski          :
Third District, Metropolitan        :
Police Department                   :
1620 V Street, N.W.                 :
Washington, D.C. 20009              :
      And                          :
John F. Nelson, Police Officer      :
Third District, Metropolitan        :
Police Department                   :
1620 V Street, N.W.                 :
Washington, D. C. 20009             :
                                  :
      And                          :
Battalion Chief Welsh               :
District of Columbia Fire           :
Department                          :
3420 14th Street, N.W.              :
Washington, D.C. 20009              :
                                  :
      *Defendants.*               :

## AMENDED VERIFIED COMPLAINT

False Arrest and False Imprisonment, Trespass and Destruction of Property, Negligence, Intentional Infliction of Emotional Distress, Malicious Prosecution, Deprivation of Civil Rights.

Vere O. Plummer, Esquire ("Plaintiff") by and through counsel, states his amended complaint against the defendants as follows:

## JURISDICTION

1. This court has jurisdiction over the parties and these matters pursuant to D.C. Sec. 11-921 (2001 Ed.).

2. All conditions precedent to filing this action have been complied with; Plaintiff properly submitted his claim to the District of Columbia with respect to the matters involved in this action on January 5, 2015.

3. On February 10, 2015, the District of Columbia denied all of Plaintiff's claims.

## PARTIES

4. Plaintiff, Vere O. Plummer, Esquire, an African-American male, is now, and at all times mentioned in this complaint was a resident of the District of Columbia.

5. Defendant Sandro Lukanovic is now, and at all times mentioned in this complaint was, a duly appointed and acting police officer of the city of Washington. Defendant Lukanovic is sued in his official and individual capacities.

6. Defendant John F. Nelson is now, and at all times mentioned in this complaint was a duly appointed and acting police officer of the city of Washington. Defendant Nelson is sued in his official and individual capacities.

7. Defendant Lt. John Kutniewski is now, and at all times mentioned in this complaint was, a duly appointed and acting police officer of the city of Washington. Defendant Kutniewski is sued in his official and individual capacities.

8. Defendant Battalion Chief Welsh is now, and at all times mentioned in this complaint was, a duly appointed and acting firemen of the city of Washington.

9. Defendant Metropolitan Police Department ("MPD") is an agency of the District of Columbia and an entity located in Washington, D.C.

10. Defendant D.C. Fire Department ("DCFD") is an agency of the District of Columbia and an entity located in the District of Columbia.

11. Defendant the District of Columbia, is a municipal corporation existing by virtue of the laws of the District of Columbia located in city of Washington.

12. Defendant unknown and unnamed employees of District of Columbia Fire Department were at all times mentioned in this complaint duly appointed and acting firemen of the city of Washington.

### Facts Common to Causes of Action

13. Plaintiff re-alleges and incorporates by reference paragraphs 1- 12.

14. On July 5, 2014, at approximately 3:45a.m., Plaintiff's vehicle's, 1998 Jaguar XJL, right-rear tire became stuck in a previously repaired, deteriorated pothole when he attempted to back into his garage in the rear alley behind his home.

15. In an attempt to rock the vehicle out of the pothole, Plaintiff lost control of the speed of the vehicle and struck his neighbor's garage causing minimal damage to its frame.

16. Shortly thereafter, Plaintiff continued his attempts to rock the vehicle out of the pothole by intermittently shifting the gears and gunning the engine. These actions caused a coal- mixed like black substance to expel from the pothole, resulting in further loss of tire traction.

17. After approximately 15 minutes, tired and frustrated by his unsuccessful attempts to extract the vehicle out of the pothole, Plaintiff decided to rest before making any further attempts to back the vehicle into the garage, and fell to sleep.

4

18. Plaintiff was awaken by a neighbor who apparently wanted to take control of Plaintiff's vehicle, but Plaintiff declined his neighbor's offer. Subsequently, Plaintiff extracted the vehicle from the pothole and backed up one (1) car length into his garage, and fell to sleep with the garage door opened while he awaited sunrise.

19. Plaintiff was suddenly awakened by loud banging on his windshield, blinding flashlights, and shouts by members of the DCFD, threatening to smash in the front passenger side window and forcefully remove him, if Plaintiff did not follow Battalion chief Welsh's command to exit his vehicle so that his blood sugar levels could be tested by members of DCFD.

20. After making a preliminary assessment of the situation, Plaintiff informed Battalion Chief Welsh that he was not injured, that there was no need to test his blood sugar because he was not diabetic, and that he wanted the members of DCFD to immediately get off of his property, but they failed to comply with Plaintiff's request.

21. Following this oral exchange between Plaintiff and Battalion Chief Welsh, police officers with the MPD arrived on the scene and ordered Plaintiff to exit his vehicle or they would authorize the DCFD to smash in the front passenger's window, and the MPD would forcefully remove him from his vehicle.

22. After some discussion with police officer Sandro Lukanovic and police officer John F. Nelson, Plaintiff informed the officers that he had not committed any crimes, that he was not in need of any medical attention, that he felt threatened and fearful by their presence on his private property, and that he would feel better if they would kindly leave his property.

23. Police officer Lukanovic informed Plaintiff that he was investigating a car accident, that plaintiff's vehicle appeared to have collided with his neighbor's garage, and demanded that Plaintiff produce some identification, at which time, Plaintiff produced his valid D.C. driver's license.

24. After Plaintiff produced his valid driver's license, police officer Lukanovic, and police officer Nelson, refused to leave Plaintiff's property, and they demanded that Plaintiff allow a member of DCFD to take a blood sample for the purpose of testing his blood sugar. In his attempt to cooperate with the police officers, Plaintiff allowed the blood sample to be taken.

25. After a member of DCFD announced that Plaintiff's blood sugar was normal, police officer Lukanovic and police officer Nelson asked Plaintiff to come out into the alley so they could talk with him. Plaintiff responded by asking the police officers to step back out of the garage, and he would come out in the alley to speak with the officers. The police officers agreed and stepped back into the alley.

26. When Plaintiff attempted to close the automatic garage door, a police officer prevented the garage door from closing, the police officers reentered the garage and refused to leave the property. As a result of this police action, Plaintiff became more fearful and concerned for his safety and wellbeing, and refused to exit his vehicle.

27. During the course of this ordeal, Plaintiff felt threatened, frightened, fearful, and concerned for his safety and wellbeing, particularly, since he had committed no crime, he was on private property, and the police failed to produce a search warrant or warrant for his arrest.

28. During the course of this ordeal, Plaintiff was intermittently and frantically telephoning 911, the Mayor's Command Center 311, MPD headquarters, and the Third District Precinct out of fear and concern for his safety, and wellbeing, caused by the police officers' presence on his private property,

without a warrant and without probable cause, as well as, the officer's violent, extremely aggressive behavior, attitude and demeanor.

29. Following the defendant police officers' interference with Plaintiff's liberty while on his private property, and while Plaintiff was on the telephone with the Third District Watch Commander, defendant Lt. John Kutniewski and defendant Sandro Lukanovic ordered members of DCFD to violently smash in the vehicle's front passenger's side window in order to remove Plaintiff from the vehicle.

30. After the DCFD'S employees' compliance with the defendant police officers' order, which caused the violent destruction of the front passenger's window, damage to the front passenger's door, and the side chrome molding, Plaintiff was removed from the vehicle, handcuffed and transported to the Third District where he was held for approximately five (5) hours before being released by Citation on the charge of "Leaving After Colliding".

31. After being fully apprised of the facts and circumstances supporting the alleged criminal violation leading to Plaintiff's unlawful arrest, the Office of the Attorney General for the District of Columbia initially prosecuted Plaintiff in the Superior Court of the District of Columbia on the charge of Leaving After Colliding, and later also falsely charged Plaintiff with "Operating After Suspension".

32. When Plaintiff refused to plead guilty to these criminal charges, and demanded a trial by jury, defendant District of Columbia reduced the second charge to "Attempted Operating After Suspension" in order to defeat Plaintiff's right to a trial by jury.

33. On the trial date scheduled before the Court, November 17, 2014, the District of Columbia by its Office of the Attorney General dismissed all charges against the Plaintiff with prejudice.

7

34.  As a direct and proximate consequence of Plaintiff unlawful arrest, the Plaintiff arrest on July 5,

2014 is a matter of public record in the District of Columbia.

### Count I
### False Arrest, False Imprisonment, and Intentional Infliction of Emotional Distress

For separate causes of action against defendant MPD, defendant Lukanovic, defendant Kutniewski,

and defendant Nelson, Plaintiff alleges as follows:

35.  Plaintiff re-alleges and incorporates herein by reference paragraphs 1-34.

36.  On July 5, 2014, at approximately 4:45a.m., at the rear of 1222 Fairmont Street, NW, defendants

Kutniewski and Nelson unlawfully arrested Plaintiff without a warrant or any other legal process,

detained and took plaintiff into custody, against the will of the Plaintiff, and without probable cause.

37.  After Plaintiff's arrest, defendant Nelson brought Plaintiff to the police station at 1624 V Street,

N.W. Washington, D.C. where plaintiff was retained and detained until he was released at

approximately 12:00 noon on July 5, 2014.

38.  During the time of Plaintiff's arrest, neither the individually named defendants Lukanovic,

Kutniewski, and Nelson, nor any other member of defendant MPD, conducted an investigation to

determine if there was probable cause to detain and arrest Plaintiff, nor was Plaintiff taken to any judicial

officer or magistrate.

39.  Prior to Plaintiff's arrest, Plaintiff did not commit any criminal offense in the presence of the

defendant police officers, defendants did not have any reasonable cause for believing that Plaintiff

committed any criminal offense, and Plaintiff did not, in fact, commit any criminal offense.

40. Defendant Sandro Lukanovic, defendant John F. Nelson, and defendant Lt. John Kutniewski were the actual agents and employees of defendant MPD, acting within the scope of their employment during the incident that is the subject matter of this complaint.

41. The unlawful arrest and detention of Plaintiff, without probable cause and without a warrant, while Plaintiff was on his private property constituted extreme and outrageous police conduct which defendants knew, had reason to know or should have known would cause Plaintiff to suffer, and did cause Plaintiff to suffer, severe emotional distress.

42. As a proximate and direct result of the action and conduct of the defendants, individually and collectively as described above, Plaintiff was deprived of his liberty and was subjected to painful injury at the time of his arrest, and suffered mental and physical anguish, anxiety, embarrassment and humiliation, all to his damage and prejudice.

43. The acts of defendant John F. Nelson, defendant Sandro Lukanovic, and Lt. John Kutniewski were done maliciously, wantonly, and intentionally, and thusly entitle the Plaintiff to exemplary and/or punitive damages in such amount as will compensate the Plaintiff and to sufficiently punish defendant John F. Nelson, defendant Sandro Lukanovic, and defendant Lt. John Kutniewski for their respective willful and malicious conduct and as will serve as an example to prevent a repetition of such conduct in the future by members of the defendant MPD.

WHEREFORE, Plaintiff requests judgment against defendants and each of them, individually, jointly and severally, for compensatory damages, punitive damages, attorney fees and cost, and such other and further relief as the court deems just and proper.

### Count II
### Trespass and Destruction of Property/Vicarious Liability

For separate causes of action against MPD and DCFD for the conduct of its defendant employees, Plaintiff alleges as follows:

44.    Plaintiff realleges and incorporates herein by reference paragraphs 1-43.

45.    As a result of the defendants' employees' unlawful entry and detention of Plaintiff's garage against the will of Plaintiff, and the subsequent destruction to Plaintiff's vehicle caused by the DCFD acting in concert with the MPD, Plaintiff was injured and suffered actual damages to his vehicle in the amount of $1,500.00.

46.    The acts of defendant MPD's employees and defendant DCFD's employees, acting within the scope of their employment, under color of D.C. law, and resulting in the unlawful entry and destruction of Plaintiff's property were done willfully, maliciously, wantonly, and intentionally, and entitle Plaintiff to exemplary or punitive damages in such amount as will sufficiently punish the defendant employees of MPD and DCFD, named and un-named herein, for their respective willful and malicious conduct and will serve as an example to prevent a repetition of such conduct in the future by individual members of the MPD and the DCFD.

WHEREFORE, Plaintiff requests judgment against the defendants, and each of them, individually, jointly and severally for actual, compensatory, and punitive damages in amounts to be proven at trial.

### Count III
### Deprivation of Civil Rights

For a separate cause of action against defendant MPD, and its employees, Plaintiff alleges as follows:

10

47. Plaintiff re-alleges and incorporates herein by reference paragraphs 1-46.

48. Defendant MPD, defendant Sandro Lukanovic, defendant John F. Nelson, and defendant Lt. John Kutniewski, during the incident in question, were acting under color of District of Columbia law, in their official capacities, and their acts were performed under the color of the law and ordinances of the city of Washington, the District of Columbia, and the United States Constitution.

49. As a result of the actions of these defendants, Plaintiff was deprived of his rights, privileges and immunities secured by the United States Constitution, in particular the Fourth and Fifth Amendments in contravention of 42 USC 1983 and the laws of the District of Columbia without just cause when defendant MPD, by its employees, and agents falsely imprisoned and deprived Plaintiff of his constitutional rights, privileges and immunities.

WHEREFORE, Plaintiff demands judgment against defendants, individually, jointly and severally, in an amount which will reasonably and fairly compensate the plaintiff for his damages as outlined in complaint; punish the MPD for the willful and malicious acts of its agents and employees, and the deprivation of Plaintiff's constitutional rights; the cost of this action; attorney's fees for the civil rights violations; and such other and further relief as the court may deem just and proper.

## Count IV
## Negligence

For a separate cause of action against defendant MPD, Plaintiff alleges as follows:

50. Plaintiff re-alleges and incorporates herein by reference paragraphs 1-49.

51. Defendant was negligent, reckless and/or careless in its handling of the situation outlined above and in the following respects:

(a) The failure of the defendant MPD to take such action as was reasonable and prudent in order to avoid the risk of harm to Plaintiff under the circumstances in this matter;

(b) The failure to establish and/or enforce safe, proper and appropriate procedures or regulations which would have controlled or governed the action of its agents and/or employees under the circumstances outlined in this complaint;

(c) The failure of defendant MPD to train its employees and/or agents in the proper methods of handling situations such as the one that existed at the incident location, as discussed above;

(d) The failure of defendant MPD in its control and supervision of its employees in the handling of the situation such as the one that existed at the incident location, as discussed above;

52. As a direct and proximate result of the negligence, recklessness and/or carelessness of defendant MPD, Plaintiff was injured as outlined in this complaint.

### Master/Servant Relationship

53. Defendant Lukanovic, defendant Nelson, and defendant Kutniewski were employees and the actual servants of defendant MPD during the incident that is the subject matter of this complaint and the acts committed within the scope of their employment, as well as, the negligence of these defendants is imputed in law to defendant MPD.

54. The master/servant relationship between MPD and these defendants was created by law, and the fact that MPD had the right to and did regulate and control the activities and conduct of these employees during the incident that is the subject matter of this complaint.

### Count V
### Negligence

For a separate cause of action against defendant District of Columbia, Plaintiff alleges as follows:

55. Plaintiff re-alleges and incorporates herein by reference paragraphs 1-54.

12

56. Defendant was negligent, reckless, and/or careless in its handling of the situation outlined

above and in the following respects:

(a) The failure of the defendant District of Columbia to establish and /or enforce safe, proper and
appropriate procedures or regulations which would have controlled or governed the action of its agent
defendant MPD under the circumstances outlined in this complaint.

(b) The failure to monitor, direct and maintain the policies and procedures of its agent, defendant
MPD, by failing to assure that employees and/or agents of the MPD would be informed, trained and
educated in the proper procedure for handling situations such as the one outlined in this complaint in
order to avoid the risk of harm to the Plaintiff under the circumstances in this matter.

57. As a direct and proximate result of the negligence, recklessness and /or carelessness of the

District of Columbia, Plaintiff was injured as outlined in this complaint.

## Deprivation of Civil Rights

58. Defendant, during the incident in question, was acting under color of law, in its official capacity and

its acts were performed under color of the statutes and ordinances of the city, District of Columbia, and

the United States Constitution.

59. As a result of the actions of defendant, Plaintiff was deprived of his rights, privileges, and immunities

secured by the United States Constitution, in particular, the Fourth and Fifth Amendments in

contravention of 42 USC 1983 and the laws of the District of Columbia without just or legal cause

when defendant, by its employees and or/agents falsely arrested Plaintiff and deprived Plaintiff of his

Constitutional rights, privileges, and immunities.

## Agency

60. Defendant MPD was the actual agent of defendant District of Columbia and the negligence of

defendant MPD is imputed in law to the principal, defendant District of Columbia.

13

61.  The actual principal/agent relationship between defendant District of Columbia and defendant MPD was created by law and by the fact that defendant District of Columbia had the right to and it did regulate and control the activities and conduct of defendant MPD.

62.  Plaintiff relied upon this agency relationship on July 5th, 2014.

## COUNT VI
### Malicious Prosecution

63.  Plaintiff re-alleges and incorporates by reference paragraphs 1-62.

64.  The institution of criminal proceedings against Plaintiff by the MPD on the charges of "Leaving After Colliding" was initiated in the absence of probable cause for any such prosecution, and was done for the purpose of covering up its employees unlawful arrest and imprisonment of Plaintiff, and which proximately and directly caused Plaintiff to suffer damages.

## Count VII
### Negligence

65.  Plaintiff re-alleges and incorporates by reference paragraphs 1-64.

66.  Defendant District of Columbia had a general duty to use reasonable and ordinary care in inspecting, repairing, and maintaining the condition of its streets and alleys so as not to create an unreasonable risk of injury to members of the public.

67.  Defendant District of Columbia breached its duty to Plaintiff by failing to adequately repair and maintain the condition of the alley at the location of the incident discussed above, creating an unreasonable risk of injury to Plaintiff and other members of the public.

68.  As a direct and proximate result of the District of Columbia's negligence, the right rear tire on Plaintiff's vehicle became lodged in a pothole mechanically engineered by the District of Columbia's

14

Department of Public Works, while previously making repairs to the pothole, which caused plaintiff to smash into his neighbor's garage causing damage to the structure and Plaintiff's liability for the damages to his neighbor's property.

WHEREFORE, Plaintiff demands judgment against defendants, jointly and severally, in an amount which will reasonably and fairly compensate the plaintiff for his damages as outlined in the complaint; punish the MPD and the District of Columbia for the willful and malicious acts of its agents and employees, the negligence of MPD and the District of Columbia, and the deprivation of Plaintiff's constitutional rights; the cost of this action; attorney's fees for the civil rights violations; and such other and further relief as the court may deem just and proper

Plaintiff demands a jury trial for all issues so triable.

Dated: October 13, 2015

Respectfully Submitted,

/s/ Tilman L. Gerald
Tilman L. Gerald, [928796]
2000 L Street, N.W. Suite 700
Telephone: 202.742.2000
Facsimile: 202.742.2099
Counsel for Plaintiff

**Verification of Vere O. Plummer, Esquire**

I, Vere O. Plummer, Esquire being first duly sworn on oath, depose and say that I have read the foregoing Amended Verified Complaint and that the facts stated therein stated are true and correct to the best of my knowledge, information and belief.

Executed on October 12, 2015

/s/Vere O. Plummer
Vere O. Plummer